```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

BANK OF CHINA, NEW YORK BRANCH,       :

                Plaintiff,            :    MEMORANDUM DECISION

        - against -                   :    01 Civ. 0815 (DC)

NBM L.L.C. et al.,                    :

                Defendants.           :

- - - - - - - - - - - - - - - - - -x

APPEARANCES:        BAKER & McKENZIE LLP
                    Attorneys for Plaintiff
                        By:  Richard A. DePalma, Esq.
                             Kathryn M. Ryan, Esq.
                             Lindsay A. Bush, Esq.
                    1114 Avenue of the Americas
                    New York, New York  10036

                    SEIDMAN & ASSOCIATES, LLC
                    Attorneys for Defendants
                        By:  Mitchell B. Seidman, Esq.
                             Andrew Pincus, Esq.
                    777 Terrace Avenue, 5th Floor
                    Hasbrouck Heights, New Jersey  07604
```

**CHIN, D.J.**

On September 20, 2005, a jury rendered a verdict in favor of plaintiff Bank of China, New York Branch (the "Bank") on its claims of fraud, aiding and abetting a breach of fiduciary duty, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against defendants John Chou, Sherry Liu, Shumin Wang, Dao Zhong Liu, and Hui Lui. The jury awarded compensatory damages to the Bank in the amount of $34,312,794.56, inclusive of interest as of January 1, 2002.

Before the Court are two motions: (1) defendants move pursuant to Fed. R. Civ. P. 50(b) for judgment as a matter of law

dismissing the claims against Shumin Wang and Dao Zhong Liu or, alternatively, pursuant to Fed. R. Civ. P. 59 for a new trial; and (2) the Bank moves for interest, treble damages, attorneys' fees, and entry of judgment.

1.  **Defendants' Motion**

Defendants seek only to set aside the jury's verdict as to Shumin Wang and Dao Zhong Liu, on the theory that there was insufficient evidence that they were knowingly involved in the fraud.

The motion is denied. First, the motion is procedurally barred. Defendants moved "to dismiss" the claims against Shumin Wang and Dao Zhong Liu at the end of the Bank's case. (Tr. 1440). Although defendants did not designate it as such, the motion was in essence a Rule 50(a) motion for judgment as a matter of law. Defendants failed, however, to renew the motion or otherwise move for judgment as a matter of law at the close of all the evidence. (See Tr. 1909-21). Hence, they are precluded from moving for judgment as a matter of law now.

Rule 50(b) provides in part:

> If, for any reason, the court does not grant a motion for judgment as a matter of law <u>made at the close of all the evidence</u>, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment . . . .

Fed. R. Civ. P. 50(b) (emphasis added). The Second Circuit has

interpreted this language to mean that "when a Rule 50(a) motion made during trial is not granted, the moving party must renew the motion both at the close of the evidence and within ten days after entry of judgment." Pahuta v. Massey-Ferguson, Inc., 170 F.3d 125, 129 (2d Cir. 1999). Absent "extraordinary circumstances," the failure to renew the motion at the close of the evidence bars a subsequent motion for judgment as a matter of law. Id. Accordingly, defendant's failure to renew the motion (or to otherwise move for judgment as a matter of law) at the close of the evidence bars the instant motion.

Second, even assuming the motion is not procedurally barred, it must be denied on the merits. As summarized in the Bank's memorandum in opposition to the motion, the Bank presented ample evidence that, notwithstanding their apparent limited ability to speak, read, and write English, Shumin Wang and Dao Zhong Liu knew what they were doing -- they knew they were helping their daughter and son-in-law, Sherry Liu and John Chou, make money, and they repeatedly (and voluntarily) authorized Sherry Liu and John Chou to sign documents on their behalf. (Pl. Opp. Mem. at 2-5, 12-14). They repeatedly served as officers and directors of -- or allowed their names to be associated with -- sham companies used to facilitate the fraud. The jury could surely reasonably find that, although they played a lesser role, Shumin Wang and Dao Zhong Liu knowingly participated in, and benefitted from, the conspiracy.

Defendants' motion is denied.

## 2. The Bank's Motion

Defendants concede that the Bank is entitled to treble damages under RICO (Def. Opp. Mem. at 3), but argue that the Bank has improperly calculated interest and requested excessive fees and costs. Defendants also oppose entry of judgment at this time.

The Court has carefully considered the objections, and they are all overruled. The interest calculations are proper and the fees and costs are reasonable. There is no reason to delay entry of judgment, and, to the contrary, delay would be prejudicial to the Bank.

## CONCLUSION

Defendants' motion is denied. The Bank's motion is granted in all respects. The Bank has submitted a proposed judgment, with blanks for the amounts. The Bank shall submit a new proposed judgment, updating and filling in the amounts for interest, trebling, and attorneys' fees and costs. The Court will enter judgment forthwith.

SO ORDERED.

Dated: New York, New York
April 4, 2006

DENNY CHIN
United States District Judge